UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CARLENA BENNETT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ORGANON USA INC., et al.,<br><br>Defendants. | Case No. 13-cv-03606-JST<br><br>**ORDER (1) GRANTING MOTION TO STAY; (2) DENYING MOTION TO REMAND WITHOUT PREJUDICE; (3) VACATING HEARING**<br><br>Re: ECF Nos. 13, 18 |

In this products liability action, Defendants Organon USA, Organon Pharmaceuticals USA, and Organon International move to stay the case pending a decision by the JPML as to the transfer of this action to MDL No. 1964. Plaintiffs oppose the motion to stay and move to remand the action to the San Francisco Superior Court. Because the motions are suitable for determination without oral argument, the hearing scheduled for September 19, 2013, is VACATED. See Civil L.R. 7-1(b). For the reasons set forth below, the motion to stay is GRANTED and the motion to remand is DENIED WITHOUT PREJUDICE.

**I.    BACKGROUND**

Plaintiffs filed this action in San Francisco Superior Court on July 29, 2013, for claims arising of that the injuries suffered by persons who used NuvaRing, a contraceptive product manufactured by Defendants Organon USA, Organon Pharmaceutical USA, Organon International, Organon Biosciences, Akzo Novel NV, and Merck & Company, Inc, and distributed by McKesson Corporation. The complaint asserts claims under California law, including strict products liability, negligence, breach of warranty, deceit by concealment, negligent misrepresentation, fraud by concealment, and violations of Business and Professions Code §§ 17200 and 17500. Defendants removed this action on the basis of diversity of citizenship on

August 2, 2013.

The Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 1964 ("the NuvaRing MDL") in the Eastern District of Missouri in August 2008 to coordinate pending federal NuvaRing cases. See In re NuvaRing Prods. Liab. Litig., 572 F. Supp. 2d 1382 (J.P.M.L. 2008).

After Defendants removed this case, they identified the action to the JPML as a potential tag-along action for transfer to the NuvaRing MDL.

Defendants move to stay this action pending a final decision by the JPML as to their transfer petition. Plaintiffs oppose the motion to stay and move instead to remand the action.

## II.   LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether a stay is warranted pending the JPML's determination of a transfer petition, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal.1997) (citation omitted)).

When motions to stay and to remand are pending, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Id. (citation and internal quotation marks omitted). In deciding whether to rule on the motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

## III.   DISCUSSION

The Court concludes that each of the factors discussed above weighs strongly in favor of staying this action pending the JPML's final resolution of the transfer petition.

The potential prejudice to Plaintiffs that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed. Finally, as several judges in this district have recognized, staying a NuvaRing action pending a final decision as to whether the action should be transferred to the NuvaRing MDL promotes judicial economy. See, e.g., Clarke v. Organon, et al., Case No. 4:13-cv-02290-CW (N.D. Cal. July 10, 2013) (granting motion to stay on the ground that doing so will "avoid duplicative litigation and prevent inconsistent rulings on common questions that the MDL court is likely to address").

## IV. CONCLUSION

Defendants' motion to stay this action pending a final determination by the JPML as to the transferability of this action to MDL No. 1964 is GRANTED. Plaintiffs' motion to remand is DENIED WITHOUT PREJUDICE. Plaintiffs shall file a motion to lift the stay in the event that the JPML issues a final order denying Defendants' requested transfer.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
JON S. TIGAR
United States District Judge